FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA 2016 JUL 20  P 4: 38
### Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**BRIAN C. DAVISON,**

    **Plaintiff**

**v.**                                             Case No. 1:16 - cv - 932
                                                    JCC IDD

**LOUDOUN COUNTY BOARD
OF SUPERVISORS**

**AND**

**LEO ROGERS,**

    **In his official and individual capacities,**

**AND**

**PHYLLIS RANDALL, TONY BUFFINGTON,
RON MEYER, AND GEARY HIGGINS**

    **In their official capacities,**

    **Defendants.**

## COMPLAINT

    Brian C. Davison, acting pro se, respectfully states as follows:

### JURISDICTION AND VENUE

    This action arises under U.S. Const. Amend. I and XIV and the Plaintiff seeks remedies under 42 U.S.C. § 1983. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by pendent jurisdiction as to the state law claim made herein.

Venue lies in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b). Defendant Loudoun County is a government agency located within the jurisdiction and each defendant is a resident of, or serves as an official within, this jurisdiction. Substantially all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

1.      Plaintiff, Brian C. Davison, is a resident and citizen of Loudoun County, Virginia. He has taken an interest in rules of ethics for public officials including the right of free speech and Virginia's Freedom of Information Act (VFOIA) under Virginia statute § 2.2-3700.

2.      Defendant Loudoun County Board of Supervisors (BOS) is the local public governing body, vested by the Virginia Constitution, for Loudoun County, Virginia.  The Loudoun County BOS is responsible for government functions within Loudoun County, including the supervision and policies concerning social media forums such as its Facebook page and compliance with VFOIA.

3.      Defendant Leo Rogers (Rogers) is currently, and has been at all time pertinent to the claims raised herein, the county attorney for the Defendant Loudoun County BOS.  As the county attorney, Rogers is responsible for overseeing responses to VFOIA requests and providing opinions and/or policy on Loudoun County's social media policy.

4.      Defendant Phyllis Randall (Randall) is currently, and has been at all time pertinent to the claims raised herein, the Chairwoman of the Defendant Loudoun County BOS.

5.      Defendant Tony Buffington (Buffington) is currently, and has been at all time pertinent to the claims raised herein, a supervisor in the Defendant Loudoun County BOS.

6.     Defendant Ron Meyer (Meyer) is currently, and has been at all time pertinent to the claims raised herein, a supervisor in the Defendant Loudoun County BOS.

7.     Defendant Geary Higgins (Higgins) is currently, and has been at all time pertinent to the claims raised herein, a supervisor in the Defendant Loudoun County BOS.


## FACTS

8.     On July 15, 2016, Defendants Randall, Meyer, and Higgins along with Supervisors Suzanne Volpe and Kristen Umstattd held a Transportation and Land Use Committee meeting for the Loudoun County BOS.

9.     During the July 15, 2016 Transportation and Land Use committee meeting in which five members of the BOS were present, Buffington sent a text message to Randall, Meyer and Higgins opposing a delay in specific land use application and requesting the committee vote against the application during the July 15, 2016 meeting. Buffington informed Higgins that he had sent the same message to Randall and Umstattd.

10.    Following the initial text message to multiple supervisors, Buffington continued text conversations with Meyer and Higgins regarding the land use application. (Exhibits 1-2) Based on timestamps on the text messages and comments by Randall during the meeting, it appears that the text conversations occurred at approximately the same time (12:11pm), after the committee had already begun to discuss the related land use application.

11.    At approximately 12:52pm, Virginia Delegate Randy Minchew, serving as legal counsel for the land use applicant asked the committee members if Buffington was participating in the meeting remotely via electronic text message. Minchew alleged that any

electronic participation by Buffington would be a violation of VFOIA.

12.   Randall acknowledged she had received a text message from Buffington. Meyer and Higgins also acknowledged receiving messages from Buffington and all three supervisors read aloud their text conversations with Buffington for the record.

13.   At 1:42pm on Tuesday, July 19, 2016, a post was created on the official Facebook page of the Loudoun County BOS (under the page name "Loudoun County Government") that read: "#Loudoun County Attorney Leo Rogers has determined that text messages sent and receive during a Board of Supervisors committee meeting did not violate the Virginia Freedom of Information Act. http://bit.ly/29JL32Y". The post linked to a press release on the Loudoun County government's website stating the text messages during the July 15, 2016 meeting did not constitute a FOIA violation.

14.   At approximately 4:20pm on July 19, 2016, Davison began to make comments, under the screen name "Virginia SGP", on the Loudoun County Government Facebook post related to the alleged FOIA violation.

15.   Davison's initial comment was quickly hidden by the page's moderator. Exhibit 3 shows the Loudoun County Government Facebook page immediately after Davison made a second comment, including a web link titled "1 comment" that would normally reveal the content of Davison's original comment. However, when the link "1 comment" is clicked, the link itself disappears and no additional comment is revealed in Exhibit 4. This demonstrates Davison's initial comment was hidden and/or deleted.

16.   Davison's second comment noted that the Loudoun County Government Facebook page was a limited public forum, strict scrutiny should be applied to any restrictions, and

that his comment had been illegally hidden. (Exhibit 3-4)

17.    Within five minutes, Davison's second comment was hidden and/or deleted. This can be verified in the same manner described in ¶ 15 above. (Exhibit 5-6)

18.    Approximately ten minutes later, around 4:42pm, Davison made a third comment under his personal profile noting that a court filing may be required to prevent Defendant Loudoun County BOS from violating his free speech rights. (Exhibit 7)  Davison also referenced this Court's denial of Loudoun County Commonwealth Attorney's James Plowman's motion for dismissal in a similar free speech case, Davison v Plowman.

19.    At approximately 5:35pm, Davison posted a fourth comment on the Loudoun County Government Facebook page under his personal profile including a link to a screenshot of his previous post.  (Exhibit 8).  By 7:03pm, Davison's fourth comment had also been deleted and/or hidden.  (Exhibit 9).

20.    Davison also noted that when the Loudoun County Government Facebook page was accessed without logging in to Facebook, the FOIA post indicated "1 comment" had been created but was hidden from the public version of the page. (Exhibit 10)

21.    According to the Loudoun County Government social media policy (Exhibit 11), Defendant Loudoun County BOS reserves the right to delete posts that contain links to other sites.  However, other comments that include links exist on the Loudoun County Government and the Loudoun County Animal Shelter Facebook pages which are both controlled by Loudoun County BOS.  (Exhibit 12-13)

22.    Davison sent emails to Defendant Loudoun County BOS, including all individual Defendants, at 4:28pm and 4:31pm on July 19, 2016, providing evidence that his

comments were being deleted from the Loudoun County Government Facebook page and asking for the comments to unhidden. (Exhibits 14-15)

23.   At 4:45pm, Davison sent an email to Supervisor Ralph Buona, his own representative on the Loudoun County BOS, with this Court's opinion in the similar Davison v Plowman case. (Exhibit 16)

24.   At 9:03pm, Davison replied to emails from Supervisor Buona and Loudoun County employee Glen Barbour with evidence demonstrating his comments had been hidden and/or deleted from the Loudoun County Government Facebook page.  (Exhibit 17) Davison also referenced a prior infringement of his free speech rights when Defendant Randall deleted his comment and banned Davison from future comments on her official Loudoun County Supervisor Facebook page. (Exhibit 18-19)  Randall would unhide and unblock Davison within one day but never acknowledged her actions violated the First Amendment.

25.   In the 9:03pm email (Exhibit 17), Davison asked the Defendants to acknowledge the First Amendment applied to comments on the county's official Facebook page and that their deletion of Davison's comments infringed upon his free speech rights.

26.   As of this filling, the Defendants have neither restored Davison's comments from July 19, 2016; acknowledged their Facebook page is subject to free speech under the First Amendment; or acknowledged that Davison's comment(s) were unconstitutionally censored based on viewpoint discrimination.

27.   All of the Defendants were aware of the proceedings initiated by Davison against Loudoun Commonwealth Attorney James Plowman and the Loudoun County School Board

for similar Facebook free speech violations as Davison had provided the legal briefings to the Loudoun County BOS. *Davison v Plowman*, 2016 U.S. Dist. LEXIS 74409 (1:16-cv-180) and *Davison v Rose, et. al.*.(1:16-cv-540) In addition, Virginia statute § 22.1-82 allows school boards to contact the Commonwealth Attorney for legal representation while Virginia statute § 15.2-1520 allows county employees to use the county attorney of the Commonwealth Attorney for legal representation.

28.    Defendant Rogers is the Loudoun County attorney and is familiar with free speech rights on Facebook based on his legal guidance for Defendant Randall in February 2016 when Randall blocked Davison from commenting on her official Loudoun County Chairwoman Facebook page.

## COUNT I

### VIOLATION OF DAVISON'S FREE SPEECH RIGHTS GUARANTEED BY THE FIRST AMENDMENT
### DEFENDANTS LOUDOUN COUNTY BOS, RANDALL AND ROGERS

29.    Defendants encouraged, solicited and allowed public comments and discussions on the Loudoun County Government social media forum. (Exhibit 11)

30.    The social media forum as established and operated by Defendants, elected and/or appointed officials, and as part of the official Loudoun County, Virginia, government website was, at times pertinent hereto, and is, a limited public forum. Citizens' views, comments and opinions expressed thereon are expressions of political speech protected by the First Amendment of the United States Constitution.

31.    The deletion of Plaintiff s comments on the social media forum is viewpoint discrimination and done in retaliation for Plaintiff's lawful expression of his political

views and criticism of Defendants' actions. Plaintiff's right to access, join in and participate in discussions in the public forum established by the government of Loudoun County, subject to reasonable rules not inconsistent with the constitution, is protected by the First Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment.

32.   In *Davison v Plowman*, this Court held it was not reasonable to expect Loudoun County Commonwealth Attorney James Plowman to refrain from infringing upon Davison's First Amendment free speech rights simply because Plowman had ceased deleting and/or blocking Davison on a similar government Facebook page after litigation was filed.

33.   Here, given Randall's prior censorship earlier in 2016 and now successive censorship under the county's official Facebook page, Davison can reasonably expect to have his free speech rights abridged in the future by the Defendants.

34.   Defendant Rogers was informed by Davison of the unconstitutional restriction on speech, yet his comments have not been restored. Furthermore, it was Davison's criticism of Rogers' decision to absolve Loudoun County BOS members of any violation of VFOIA that was illegally removed from the Defendants' Facebook page.

35.   Defendants either personally made the decision to undertake the acts against Defendant or, when made aware of those acts as head of the office, personally adopted and ratified those acts by refusing to remediate the constitutional violation.

36.   Defendants, acting under the color of state law, have violated, and continue to violate, Plaintiff's right of free speech protected by the First Amendment.

37.   The Supreme Court has held that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury". *Elrod v Burns*, 427 U.S. 347, 373 (1976)

38.   The violation of Plaintiff's free speech is continuing and will continue without intervention of this Court. Plaintiff has suffered and will continue to suffer irreparable harm.

## COUNT II

### VIOLATION OF DAVISON'S DUE PROCESS RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT

### DEFENDANTS LOUDOUN COUNTY BOS, RANDALL AND ROGERS

39.   Defendants deleted Davison's constitutionally protected speech on its limited public forum without prior notice and without providing an opportunity for appealing its decision.

40.   In fact, Defendants provided no notice to Davison that his protected speech had even been deleted and/or hidden.

41.   The United States Supreme Court has held that, at a minimum, due process requires notice and an opportunity to be heard "at a meaningful time and in meaningful manner." *Mathews v Eldridge*, 424 U.S. 319, 333 (1976).  The Supreme Court has also held that the "root requirement of the *Due Process Clause* as being that an individual be given an opportunity for a hearing *before* he is deprived of any significant [liberty or] property interest." *Cleveland Bd. Of Educ. v Loudermill*, 470 U.S. 532, 542 (1985)

42.   Defendants actions are a clear violation of Davison's procedural due process rights under the Fourteenth Amendment.

## COUNT III

## VIOLATION OF DAVISON'S EQUAL PROTECTION RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT

## DEFENDANTS LOUDOUN COUNTY BOS, RANDALL AND ROGERS

43.     The Supreme Court has held the Fourteenth Amendment requires government bodies

to have a rational basis for treating similarly situated individuals differently. *Willowbrook*

*v Olech*, 528 U.S. 562, 564-65 (2000). An aggrieved party need not demonstrate he was

part of a group; rather individuals may claim protection under the Equal Protection clause.

44.     Defendants deleted Davison's comments on its limited public forum Facebook page,

including comment(s) that did and did not contain links to outside sites. Each link

referenced either a newspaper article related to the Defendants' Facebook post or a

screenshot of the Defendants' censorship.

45.     However, Defendants allowed other citizens to create comments that included links

to outside sites on the Loudoun County social media pages. If Defendants claim Davison's

comments were removed because of the included links, Defendants clearly treated Davison

differently than similar situated Loudoun citizens commenting on their social media pages

and violated Davison's Equal Protection rights.


## COUNT IV

## DECLARATORY JUDGMENT AND INJUNCTION UNDER VIRGINIA'S FREEDOM OF INFORMATION ACT

## DEFENDANTS LOUDOUN COUNTY BOS, RANDALL AND ROGERS

46.     Virginia has enshrined the rights of its citizens to participate in public meetings in its

Freedom of Information Act (VFOIA), § 2.2-3700. These rights allow "any person...denied

the rights and privileges conferred by this chapter may proceed to enforce such rights and

privileges" under § 2.2-3713. Furthermore,

> "the public body shall bear the burden of proof to establish an exclusion by a preponderance of the evidence. No court shall be required to accord any weight to the determination of a public body as to whether an exclusion applies. Any failure by a public body to follow the procedures established by this chapter shall be presumed to be a violation of this chapter."

47.   VFOIA § 2.2-3701 defines public bodies as:

> "any legislative body, authority, board, bureau, commission, district or agency of the Commonwealth or of any political subdivision of the Commonwealth, including cities, towns and counties, municipal councils, governing bodies of counties, school boards and planning commissions; boards of visitors of public institutions of higher education; and other organizations, corporations or agencies in the Commonwealth supported wholly or principally by public funds"

48.   VFOIA § 2.2-3708 restricts public bodies from discussing public business through

electronic means: "where the members are not physically assembled" unless specific

provisions of § 2.2-3708(G) or § 2.2-3708.1 are invoked.

49.   The July 15, 2016 meeting of the Loudoun County Transportation and Land Use

Committee qualifies under VFOIA as both a public meeting of the Transportation and Land

Use committee itself and the Loudoun County BOS:

- For each, at least three members of the public body were present.

- For each, a quorum was present.

- Each public body would discuss and ultimately vote on the land use application.

- VFOIA does not require a public body to declare a meeting is occurring; rather the mere presence of at least three members of any public body where official business is discussed constitutes an open, public meeting.

50.    Buffington, a member of the Loudoun County BOS, was not physically present.

51.    The provisions of § 2.2-3708(G) or § 2.2-3708.1 were not invoked.

52.    Therefore, discussion of "public business … through electronic or other communication means" by members of the Loudoun County BOS was prohibited.

53.    Buffington, as a member of the Loudoun County BOS, discussed the land use application with multiple members of the BOS during the actual July 15, 2016 meeting. The land use application would appear for a vote before both the Land Use committee and the full Loudoun County BOS,

54.    Therefore, the discussion of public business by Buffington, Meyer and Higgins violated § 2.2-3708 of VFOIA.  Plaintiff asks this Court to rule on whether Buffington's electronic communications to Randall and Umstattd also violated § 2.2-3708 of VFOIA.

55.    No case law exists which precludes a meeting of a subordinate committee from also constituting the meeting of the superior public body.

56.    The Plaintiff does not allege this was a knowing or willful violation and is not requesting any fines be assessed to any Defendant for the VFOIA violation.  Rather, the Plaintiff is asking this Court to enjoin the Defendants against holding any public meetings in which members discuss official business via electronic means as proscribed by VFOIA.

## RELIEF

WHEREFORE, Plaintiff prays that the Court find that the Defendants' Facebook social media forum, as described herein, is a limited public forum; that the Plaintiff's right to participate in the public comments is speech protected by the First Amendment; that the Plaintiff's comments made by him and deleted by Defendants was and is speech

protected by the First Amendment; that the Defendants have violated the procedural due process rights of the Plaintiff by not providing prior notice or a chance to be heard in a meaningful manner with respect to Plaintiff's deleted Facebook comments; that the Plaintiff's Equal Protection rights were violated by deleting his Facebook comments while permitting similarly situated citizens' comments to remain; and that the Defendants have violated Plaintiff's First Amendment rights while acting under the color of state law. It is further prayed that the Court enter an Order enjoining Defendants to restore the deleted comments; to provide appropriate procedural due process in all further comment deletions, to refrain from deleting Plaintiff's, or any citizens', comments based on viewpoint discrimination; and to refrain from allowing its members to discuss official business via electronic means in open, public meetings under VFOIA. It is also prayed that the Court issue a declaratory judgment finding the actions by Defendants Buffington, Meyer, Higgins and Randall violated the VFOIA restrictions on the discussion of public business via electronic means during public meetings. Plaintiff further prays for judgment against Defendant Rogers in the amount of $50.00 compensatory damages and for exemplary damages in such an amount as may be supported by the evidence adduced at trial; that he be allowed recovery of his costs against all Defendants as provided by statute; and for such further relief as shall be appropriate.

ACTING PRO SE

Brian C Davison
43724 Stone Fence Ter
Leesburg, VA 20176
571.577.8360
bcdavison@hotmail.com