# Exhibit 17

Print                                                                                                                                                   Close

# RE: Why are you deleting Facebook posts on the Loudoun County Government FB page?

From: **Brian Davison** (bcdavison@hotmail.com)
Sent: Tue 7/19/16 9:03 PM
To: Buona, Ralph (ralph.buona@loudoun.gov); glen.barbour@loudoun.gov (glen.barbour@loudoun.gov)
Cc: BOS (bos@loudoun.gov); DEPT-COATT-COUNTY_ATTORNEY (attorney@loudoun.gov); Hemstreet, Tim (tim.hemstreet@loudoun.gov); O'Brien, Dorri (dorri.obrien@loudoun.gov); Rogers, Leo (leo.rogers@loudoun.gov)

8 attachments
Facebook-LC-FOIA-Ruling-20160719_1623.pdf (502.0 KB), Facebook-LC-FOIA-Ruling-20160719_1624.pdf (502.8 KB), Facebook-LC-FOIA-Ruling-20160719_2comments-made-1629.pdf (504.7 KB), Facebook-LC-FOIA-Ruling-20160719_comments-hidden-1629.pdf (504.4 KB), Facebook-LC-FOIA-Ruling-20160719_BCD-comment-1642.pdf (501.4 KB), Facebook-LC-FOIA-Ruling-20160719_BCD-comments-1735.pdf (558.3 KB), Facebook-LC-FOIA-Ruling-20160719_BCD-comments-hidden-1903.pdf (548.9 KB), Facebook-LC-FOIA-Ruling-20160719_public-view-2100.pdf (408.7 KB)

Mr. Buona,

Thank you for the note. Please understand that I never "threaten" litigation. If the county does not follow the law, I do "promise" that I will ensure rights are protected including by using the court system. It might not seem like a big difference to you, but the words have very different meanings:

threaten - state one's intention to take hostile action against someone in retribution for something done or not done.
 - express one's intention to harm or kill
 - *cause (someone or something) to be vulnerable or at risk*; endanger.

promise - assure someone that one will definitely do, give, or arrange something; undertake or declare that something will happen.
 - give good grounds for expecting (a particular occurrence or situation)

I understand why it may be convenient for you to claim I "threatened" somebody but it is factually inaccurate. Courts can take action against those who "threaten". A mere promise to uphold the Constitution is something entirely different. I trust that you will choose your words more precisely going forward. I certainly appreciate it.

Mr. Barbour,

You asked that I give evidence that gov't officials have censored my posts. Please go to the following Loudoun County Gov't Facebook page:

 - https://www.facebook.com/LoudounCountyVa/posts/10153387151763298

1. When you first go there, you will likely see a link that says either i) "4 comments" or ii) "3 comments" along with one printed comment by me

2. When you click on the link for "3[4] comments", the link will disappear but no additional comments will be shown

3. That indicates that comments still reside in Facebook but they are hidden by the account's owner (Loudoun County Government)

You can see from the following attachments that I have made at least 2 comments that I took screenshots of that are now hidden. The time (in military format - 3:30pm is 1530) is appended in the filename. You can see that comments were made and then hidden over the course of 2.5 hours, from 1623 to 1903 on July 19, 2016. If you did not perform this action, then maybe you have a training issue in that another authorized account admin is inappropriately deleting comments. From my research, Loudoun County is still liable as a municipality. And if supervisors are aware of these actions (which the entire BOS now is) and nothing is done, each supervisor can be held individually and personally liable (please see my response to LCSB on their motion to dismiss in 1:16-cv-540 for the applicable case law).

As it stands now, in the Feb/Mar-2016 timeframe, Chairwoman Phyllis Randall unconstitutionally deleted my posts and banned me from her official Facebook page. While she did restore my access, less than 6 months later it appears Loudoun County itself is deleting my comments. As such, no court could possibly believe that the issue is moot any longer (see the Davison v Plowman opinion recently issued). In essence, one can reasonably infer that Loudoun County believes it has the right to censor at will when it's convenience. Even if my comments are restored, most of the users who have read your posts will have been prevented from reading my relevant comments. That is why the courts have found that abridgement of 1st Amendment rights for any period of time constitutes irreparable injury.

Currently, I plan on filing a 42 USC 1983 case in federal court tomorrow seeking at the least a declaratory judgment. If you will confirm that the Loudoun County Facebook page is (1) a limited public forum that is (2) subject to 1st Amendment speech protections including (3) strict scrutiny and that your deletions (4) infringed upon my free speech rights, then I may not have a reason to file. Otherwise, I see no alternatives to protecting my speech rights going forward.

Feel free to call if you have any questions.

Respectfully,
Brian Davison

---

From: Ralph.Buona@loudoun.gov
To: bcdavison@hotmail.com
CC: BOS@loudoun.gov; ATTORNEY@loudoun.gov; Tim.Hemstreet@loudoun.gov; Dorri.OBrien@loudoun.gov; Leo.Rogers@loudoun.gov
Subject: Re: Why are you deleting Facebook posts on the Loudoun County Government FB page?
Date: Wed, 20 Jul 2016 00:37:27 +0000

Mr. Davidson: Thank you for writing. I am not aware of your Facebook posts nor your assertions other than what you provided to Chair Randall and I in your e-mail to us. Because you sent me a second e-mail shortly thereafter addressed only to myself essentially threatening litigation, I must defer to the County Attorney's Office to provide you with a response. Please direct all future inquiries in this matter to them.

Ralph Buona
Vice Chairman of the Board of Supervisors

Ashburn District Supervisor

Sent from my iPad

On Jul 19, 2016, at 4:28 PM, Brian Davison <bcdavison@hotmail.com> wrote:

> Mr. Buona/Chair Randall,
>
> Are you aware that the Loudoun County Government Facebook moderator is deleting my posts? Let me give you the unfortunate facts.
>
> 1. I have a screenshot showing my post has been deleted (attached)
>
> 2. Court has ruled violation of free speech protections for ANY length of time represents an irrepable injury
>
> 3. Court has ruled that free speech restrictions are covered by strict scrutiny requiring prior notice, a listing of why the speech violated any reasonable rules, and a chance to appeal. *None of these were provided. Thus, you have also violated the 14th Amendment procedural due process*
>
> Did you know that the ACLU has contacted me wishing to provide an amicus brief in the *Davison v Plowman* and *Davison v LCSB* cases? That's the national ACLU office, that is. Who is running the show over there?
>
> Brian
>
> <Facebook-LC-FOIA-Ruling-20160719_1624.pdf>