FILED

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF VIRGINIA 2016 NOV -3 P 12: 37

**Alexandria Division**

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

BRIAN C. DAVISON,

    **Plaintiff**

v.                                             Case No. __1:16-cv-932__

LOUDOUN COUNTY BOARD
OF SUPERVISORS

AND

PHYLLIS RANDALL,

    **In her official and individual capacities,**

    **Defendants.**

## FIRST AMENDED COMPLAINT

Plaintiff, Brian C. Davison (hereinafter "Davison") brings this Amended Complaint against Loudoun County Board of Supervisors and Phyllis Randall for violations of his First and Fourteenth Amendment rights and for violation of 28 U.S.C. 1983. In support thereof, the Plaintiff states as follows:

## JURISDICTION AND VENUE

This action arises under U.S. Const. Amend. I and XIV and the Plaintiff seeks remedies under 42 U.S.C. § 1983. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and by pendent jurisdiction as to the state law claim made herein.

\

Venue lies in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b). Defendant Loudoun County is a government agency located within the jurisdiction and Defendant Randall is a resident of, or serves as an official within, this jurisdiction. Substantially all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES & FACTS

1.     The allegations and claims of Paragraphs 1-56 of the original complaint are repeated and incorporated herein by reference.

2.     Exhibits 1-17 of the original complaint are repeated and incorporated herein by reference.

3.     Counts III and IV of the original complaint are not incorporated given the Court's dismissal of these counts with prejudice in its order dated September 14, 2016.

4.     Defendant Phyllis Randall was elected as Chairwoman of the Loudoun County Board of Supervisors in November 2015.

5.     Chairwoman Randall is paid a salary of $50,000/year for her work as Chairwoman and controls an office budget in excess of $160,000/year strictly to carry out her duties as Chairwoman. Such duties include answering constituent questions and communicating with the public at large.

6.     Randall has chosen to use an official Facebook page ("Chair Phyllis J. Randall") as one of her channels of communication with the public. This Facebook page, in contrast to Randall's personal Facebook profile, is described as representing a "Government Official". (Exhibit 18)

7.    Facebook users may "block" other Facebook users. (Exhibit 19) When Facebook user A "blocks" Facebook user B, user B cannot see any comments made by user A. This applies to comments on user A's Facebook profile, on Facebook pages of private organizations (e.g. newspapers), and on government Facebook pages (e.g. Loudoun BOS Facebook page). Both comments made by Facebook user A and any replies to user A's comments, such as a reply by a government official on a government Facebook page, will be hidden from user B.

8.    Facebook users may also take actions to report or hide comments from other Facebook users.  On information and belief, and after significant testing, comments "reported" by other Facebook users may be marked as "spam" and suppressed by Facebook's internal algorithms.  The administrators of Facebook pages on which comments have been marked as spam may or may not be able to restore such comments. (Exhibit 20)

## COUNT V

### VIOLATION OF DAVISON'S FREE SPEECH RIGHTS GUARANTEED BY THE FIRST AMENDMENT
### DEFENDANT RANDALL IN HER OFFICIAL AND PERSONAL CAPACITY

9.    Defendant Randall encouraged, solicited and allowed public comments and discussions on her official Loudoun County Chairwoman Facebook page, a social media forum. (Exhibit 18)

10.   The social media forum as established and operated by Defendant Randall in her capacity of Chairwoman of the Loudoun County Board of Supervisors was, at times

pertinent hereto, and is, a limited public forum.  Citizens' views, comments and opinions expressed thereon are expressions of political speech protected by the First Amendment of the United States Constitution.

11.   Chairwoman Randall had complete discretion on the operation of her official Facebook page in her position as Chairwoman with an office budget in excess of $160,000/year.

12.   The Attorney General of Virginia, Mark Herring, is elected and provided funds for the operation of the Attorney General's office by the General Assembly.  Attorney General Herring uses those funds, in part, to communicate with the public including via an official Facebook page. (Exhibit 21)  Such an official Facebook "page" is distinct from Herring's personal Facebook profile used to discuss events and ideas of a personal nature. (Exhibit 22)

13.   In the same vein, Chairwoman Randall, despite having no official powers to individually pass ordinances or modify zonings in Loudoun County outside the Loudoun County Board of Supervisors, maintains complete control over her official Chairwoman Facebook page.  Therefore, Randall's decision to ban Plaintiff from commenting on her page constituted the official policy of the office of the Loudoun County Chairwoman. Randall is thus liable in her official capacity.

14.   It is settled case law that comments on Facebook are protected by the First Amendment. *Bland v Roberts*, 730 F.3d 368, 386 (4th Cir. 2013)

15.   After responding to the Plaintiff's critical ethics question at a Loudoun County Board of Supervisors' town hall meeting in February 2016 (Exhibit 23), Randall intentionally and

deliberately blocked Plaintiff from commenting on her official Chairwoman Facebook page on/around February 3, 2016. (Exhibit 24, comment April 30, 2016 @ 10:28am)  The Plaintiff had posted comments critical of either Randall's actions or those of other government officials of Virginia on various Facebook pages immediately preceding the ban.

16.   Randall's actions to block the Plaintiff from further comments constituted censorship based solely on viewpoint discrimination.

17.   The Plaintiff first learned that Chairwoman Randall admitted, on her official Facebook page, blocking Plaintiff's comments on September 17, 2016. (Exhibit 24)

18.   Given the Supreme Court has stated that infringement upon speech rights for any length of time represent an "irreparable injury" *Elrod v Burns*, 427 U.S. 347, 373 (1976), Defendant Randall knowingly violated the Plaintiff's free speech rights in her personal capacity on a Facebook page representing her official government office exclusively controlled by her.

19.   In their motion to dismiss filed on August 9, 2016, Defendant Loudoun BOS stated that official Facebook pages of individual government officials are not covered by First Amendment protections for limited public forums. (Motion to Dismiss, p14-16)  In oral hearings on the motion to dismiss held on September 8, 2016, Defendants' counsel further stated that individual board members' official pages were not subject to First Amendment protections.  Defendants' counsel hypothesized that extending free speech protections to government officials' Facebook pages would make comments on any Facebook page or profile protected, so long as the owner of that page listed their position as a government official on the personal profile.

20.   Defendants confuse Facebook personal profiles with Facebook "pages" establish to represent the official views of a government official.  (Exhibit 22)  The Plaintiff has been very clear in stating that personal Facebook profiles of individual citizens may not constitute limited public forums.  However, Facebook "pages" created by/for government officials to communicate with the public *are limited public forums* protected by the First Amendment. Given the position of Defendants Randall and the Loudoun BOS, the question of whether Randall may delete and/or block Plaintiff's comments on her official Facebook page is no longer moot and deserves consideration in this case.

21.   Chairwoman Randall's banning of Plaintiff from commenting on her social media forum is viewpoint discrimination and done in retaliation for Plaintiff's lawful expression of his political views and criticism of Defendant Randall's actions.  Plaintiff's right to access, join in and participate in discussions in the public forum established by the Chairwoman of Loudoun County's BOS, subject to reasonable rules not inconsistent with the constitution, is protected by the First Amendment of the United States Constitution as applied to the states by the Fourteenth Amendment.

22.   Defendant Randall, acting under the color of state law, violated, and can reasonably be expected to continue to violate, Plaintiff's right of free speech protected by the First Amendment.

## COUNT VI

### VIOLATION OF DAVISON'S DUE PROCESS RIGHTS GUARANTEED BY THE FOURTEENTH AMENDMENT

### DEFENDANT RANDALL IN HER OFFICIAL AND PERSONAL CAPACITY

23.   Defendant Randall blocked Davison's constitutionally protected speech on her official Loudoun County Chairwoman Facebook page, a limited public forum, without prior notice and without providing an opportunity for appealing its decision.

24.   In fact, Defendant Randall provided no notice to Davison that his protected speech had even been restrained.

25.   The United States Supreme Court has held that, at a minimum, due process requires notice and an opportunity to be heard "at a meaningful time and in meaningful manner." *Mathews v Eldridge*, 424 U.S. 319, 333 (1976).  The Supreme Court has also held that the "root requirement of the *Due Process Clause* as being that an individual be given an opportunity for a hearing *before* he is deprived of any significant [liberty or] property interest." *Cleveland Bd. Of Educ. v Loudermill*, 470 U.S. 532, 542 (1985)  Defendant Randall's actions are a clear violation of Davison's procedural due process rights under the Fourteenth Amendment.

## RELIEF

WHEREFORE, Plaintiff prays that the Court find that the Defendants' Loudoun BOS and individual Supervisors' Facebook social media forums, as described herein, are limited public forums; that the Plaintiff's right to participate in the forums' public comments is protected by the First Amendment; that the Plaintiff's comments made by him and deleted/hidden/suppressed by Defendants was and is speech protected by the First Amendment; that Defendant Randall's ban on the Plaintiff's comments was an infringement of speech protected by the First Amendment; that Defendant Loudoun County BOS violated the procedural due process rights of the Plaintiff by not providing prior notice

7

or a chance to be heard in a meaningful manner with respect to Plaintiff's deleted Facebook comments; that Defendant Randall violated the procedural due process rights of the Plaintiff by not providing prior notice or a chance to be heard in a meaningful manner with respect to Plaintiff's being banned from commenting on her official Facebook page; and that the Defendants have violated Plaintiff's First Amendment rights while acting under the color of state law. It is further prayed that the Court enter an Order enjoining Defendants to restore the deleted comments; to provide appropriate procedural due process in all further comment deletions; and to refrain from deleting Plaintiff's, or any citizens', comments based on viewpoint discrimination. It is also prayed that the Court issue a declaratory judgment finding Defendant Randall's blocking future Plaintiff comments on her official Loudoun Chairwoman Facebook page violated the Plaintiff's First Amendment free speech rights. Plaintiff further prays that he be allowed recovery of his costs against all Defendants as provided by statute; and for such further relief as shall be appropriate.

ACTING PRO SE

Brian C Davison
43724 Stone Fence Ter
Leesburg, VA 20176
571.577.8360
bcdavison@hotmail.com

## CERTIFICATION

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of this document.

I hereby certify that on the 3rd day of November, 2016, a true copy of the foregoing notice was emailed to the law office of counsel for the Defendants. The pleading was also filed in person with the Clerk of Court and Defendants' counsel will receive a copy via PACER.

Julia B. Judkins, VSB No. 22597
Bancroft, McGavin, Horvath and Judkins
9990 Fairfax Blvd, Suite 400
Fairfax, VA 22030
Tel: 703.385.1000
Fax: 703.385.1555
jjudkins@bmhjlaw.com
Counsel for Defendants

Brian C. Davison
43724 Stone Fence Ter
Leesburg, VA 20176
Tel: 571.577.8360
bcdavison@hotmail.com
Plaintiff