Davison v. LCBOS - Defendants' Objections to Plaintiff's... Case 1:16-cv-00082-JCC-IDD Document 73-9 Filed 03/10/17 Page 1 of 7 PageID# 707

1 of 2

EXHIBIT 9

# Davison v. LCBOS - Defendants' Objections to Plaintiff's

Mary Meraw <MMeraw@bmhjlaw.com>

Wed 2/8/2017 11:38 AM

To: Brian Davison <bcdavison@hotmail.com>;

1 attachments (265 KB)

Defendants' Objections to Plaintiff's Discovery 2-8-17.pdf;

Mr. Davison –

Please see attached Defendants' Objections to Plaintiff's Interrogatories and Requests for Production of Documents. Hard copy to follow via regular mail.
Thank you for your kind attention to this matter.

**Mary D. Meraw**
*Legal Assistant to Julia B. Judkins, Esquire*



BANCROFT
McGAVIN
HORVATH
& JUDKINS, PC

TRIAL LAWYERS COMMITTED TO EXCELLENCE

9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
(703) 385-1000 (Telephone) ext. 101
(703) 385-1555 (Facsimile)
MMeraw@bmhjlaw.com



NOTE: The information contained in this transmittal is information intended only for the use of the individual or entity named above, and may be attorney/client privileged and confidential. If the reader of this message is not the recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender by email at: mmeraw@bmhilaw.com and destroy the message received. Thank you.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIAN C. DAVISON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:16-cv-932 |
| ) | (JCC/IDD) |
| ) | |
| LOUDOUN COUNTY BOARD OF ) | |
| SUPERVISORS, et. al. ) | |
| ) | |
|    Defendants. ) | |

## DEFENDANT LOUDOUN COUNTY BOARD OF SUPERVISORS AND DEFENDANT PHYLLIS RANDALL'S OBJECTIONS TO PLAINTIFF'S DISCOVERY

COME NOW the defendants, Loudoun County Board of Supervisors ("Board" or "the Board") and Phyllis Randall ("Randall"), by counsel, and pursuant to Local Rule 26(C) object to plaintiff, Brian C. Davison's ("Davison") interrogatories and requests for production of documents as follows:

1. Defendants object to the interrogatories identified and addressed to the following individuals, as "defendant," Ralph Buona, Ron Meyer, Tony Buffington, Matt Letourneau, Kristin Umstattd, Koran Saines, Glen Barbour, and Geary Higgins on the grounds that these named individuals are not defendants in the case. Service of these multiple sets of interrogatories on individual employees or board members is improper and not in compliance with the discovery rules.

2. With regard to Davison's First Set of Interrogatories to Defendant Phyllis Randall, defendant Randall objects to the definitions and instructions set forth in the pleading and state that any responses will be provided in accordance with the provisions of Rule 33.

a) Defendant objects to interrogatory no. 1 to the extent it seeks disclosure of communications had with Leo Rogers, County Attorney, or other attorney's in his office which are privileged; and to communications had with defense counsel in this case on the grounds of privilege.

b) Defendant objects to interrogatory no. 2 to the extent it seeks disclosure of communications had with Leo Rogers, County Attorney, or other attorney's in his office which are privileged; and to communications had with defense counsel in this case on the grounds of privilege; and to the extent that inquiries set forth in sub-paragraphs a., b., are irrelevant to the claims raised against defendant in this case.

c) Defendant objects to interrogatory no. 3 on the grounds that it is overly broad in terms of time period and subject matter, particularly given the claims against this defendant. Also objected to as to any discussions occurring or taking place during legislative deliberative process, including closed sessions, on the grounds of legislative privilege. Objected to, to the extent that the inquiry includes privileged communications involving discussions between the defendant and the County Attorney, other attorney's in his office, or defense counsel in this case.

d) Defendant objects to interrogatories 4, 5, 6 and 8 on the grounds of relevance, particularly given the nature of the allegations against this defendant and the court's denial for leave to amend to allow Davison to include allegations or claims based on these areas of inquiry.

e) Defendant objects to interrogatories no. 9 and 18 on the grounds that it invades the attorney client privilege or calls for information protected by the privilege, specifically communications exchanged between legal counsel, including County Attorney and others in his office, and defense counsel in this case.

2

f) Defendant objects to interrogatory no. 12 on the grounds of relevancy and calls for legal conclusion which invades attorney work product.

g) Defendant objects to interrogatory no. 13 on the grounds of relevancy, invades attorney work product, and legislative privilege, objections noted 4, 5, 6, and 12 are also incorporated herein..

h) Defendant objects to interrogatory no. 17 inasmuch as it appears to be incorrectly directed to Randall.

I) Defendant objects to interrogatory no. 19 on the grounds of relevancy, legislative privilege; and if in fact such action or vote had occurred, it would be a matter of public record.

3. With regard to Davison's second set of interrogatories directed to defendant Randall, the following objections are noted:

a) Defendant objects to the definitions and instructions set forth therein and states that any responses will be provided in accordance with Rule 33.

b) Defendant objects to interrogatory no. 23 on the grounds of relevancy, overly broad, and vague.

c) Defendant objects to interrogatory no. 25 on the grounds of relevancy, invades attorney-client privilege; attorney work product.

4. Defendants object to Davison's First Request for Production of Documents on the following grounds:

a) Defendants object to the definitions and instructions set forth in the pleading and state that any responses will be provided in accordance with Rule 34.

b) With regard to request no. 1, any and all objections noted by defendant Randall with regard to specific interrogatories are incorporated herein and none are waived.

3

c)   Objection is noted to request no. 2 only to the extent it seeks attorney work product, that information developed by counsel in the case.

d)   Objection is noted to requests no. 3, no. 4, and no. 5, on the grounds that it is overly broad, in terms of time period and subject matter or content, and seeks information which is irrelevant, given the limited allegations against these defendants.

e)   Objection is noted to request no. 6 on the grounds of relevance and overly broad.

f)   Objection is noted to request no. 7 on the grounds of relevancy.

g)   Objection is noted to request no. 10 to the extent it is overly broad and unduly burdensome to require defendant to search for posts made by others to the extent they may or may not still be available; and to the extent is seeks irrelevant information.

h)   Objection is noted to request no. 12 on the grounds of relevance, given the allegations raised against these defendants; and also on the grounds of potentially being overly broad and unduly burdensome to require search and retrieval, to the extent possible, of documents requested.

I)   Objection is noted to request no. 13 on the grounds of relevance; the other identified individuals are not defendants in the case; also objected to on the grounds that this information is as readily available to the plaintiff in terms of going on Facebook and seeing/obtaining the information.

                    LOUDOUN COUNTY BOARD OF SUPERVISORS
                    AND PHYLLIS RANDALL

                    By Counsel

_____
Julia B. Judkins, VSB No. 22597
Heather K. Bardot, VSB No. 37269
BANCROFT, McGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jjudkins@bmhjlaw.com
hbardot@bmhjlaw.com
ccarre@bmhjlaw.com
*Counsel for Defendant Loudoun County*
*Board of Supervisors and Phyllis Randall*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendants' Interrogatories to Plaintiff was emailed and mailed first-class, postage prepaid on this 8th day of February, 2017 to:

>Mr. Brian C. Davison
>43724 Stone Fence Terrace
>Leesburg, VA 20176
>bcdavison@hotmail.com

_____
Julia B. Judkins, VSB No. 22597
BANCROFT, McGAVIN, HORVATH
& JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jjudkins@bmhjlaw.com
*Counsel for Defendant Loudoun County*
*Board of Supervisors and Phyllis Randall*

5