

# OFFICE OF THE COMMONWEALTH'S ATTORNEY
## CITY OF ALEXANDRIA

520 King Street, Room 301
Alexandria, Virginia 22314
703.746.4100 (T)
703.746.4466 (F)

Bryan L. Porter
Commonwealth's Attorney

Molly Sullivan
Chief Deputy
Commonwealth's Attorney

Cathryn Evans
Deputy
Commonwealth's Attorney

Donald L. Harrison-Wright
Office Administrator

Senior Assistant
Commonwealth's Attorneys:
David A. Lord
Angela S. Dougherty
Patrick T. O'Brien

Assistant
Commonwealth's Attorneys:
Andrew S. Criado
Jessica Best Smith
Amanda B. Tassa
Erin L. Earp
Sean A. Sherlock
Joseph C. Martin
Audra J. O'Brien

August 23, 2016

The Honorable James Plowman
Commonwealth's Attorney, County of Loudoun
Office of the Commonwealth's Attorney
20 E. Market Street
Leesburg, Virginia 20176

Re: Special Investigation of the Loudoun County School Board

Dear Mr. Plowman:

At your request I was appointed to investigate a citizen complaint against members of the Loudoun County School Board. The complaint alleged criminal violations of Virginia's Conflict of Interest Act (COIA) by three Board members: Ms. Turgeon, Mr. DeKenipp and Mr. Hornberger.[1]

I write to inform you that the investigation failed to reveal evidence establishing that any School Board member committed any criminal offense. Therefore, I decline to initiate any prosecution with regards to this matter.

Specifically, a citizen alleged that all three named Board members criminally violated COIA by failing to disclose the fact that their respective spouses worked for the Loudoun County Public School (LCPS) system before voting on the LCPS FY2017 budget.

COIA: Virginia's Conflict of Interest Act may be found in §2.2-3100 *et seq*. I note that the Act is complex and esoteric. The reporting requirements are difficult to interpret even for a trained attorney, much less a lay person. In my opinion, the General Assembly would be wise to revisit the Act and to consider simplifying it.

The citizen complaint alleges that on April 14, 2016, the three listed Board members criminally violated §2.2-3115(H) at a regular meeting of the Loudoun County School Board. During this meeting, the FY2017 budget for LCPS was voted on and adopted. The budget as passed authorized salary increases to the LCPS pay scale.

---

[1] A fourth Board member, Mr. Morse, was similarly situated with an LCPS employee as a spouse. Mr. Morse was not named in the original citizen's complaint. To the extent that Mr. Morse was similarly situated - his spouse's LCPS employ predated his election and he filed an identical written declaration as the other Board members - his conduct is covered by my investigation and the same conclusions control.

At the time the vote was held, each of the spouses of the three Board members was employed by LCPS, and each spouse received a salary increase as a result of the Board vote adopting the budget. The three Board spouses received salary increases of between 2% to approximately 4.5%. Important to my analysis is the fact that the three Board spouses were not singled out for a salary increase. Instead, the Board voted an across-the-board salary increase to the LCPS general pay scale and a large majority of LCPS employees thereby received a salary increase.

The citizen complaint alleges that the Board members were required by the Virginia Code to disclose the fact that their spouses were employed by LCPS and would benefit from the salary increases being voted on. The complaint alleges that the Board members did not disclose the conflict and that this failure to disclose the conflict constituted a crime.

**Requirement to Disclose:** In order to determine whether the Board members were required to disclose the potential conflict in the first place, it is necessary to delve into the minutiae of COIA. Virginia Code Section 2.2-3115(H) states, in pertinent part, that a local School Board member "who is required to declare his interest pursuant to subdivision A2 of §2.2-3112 shall declare his interest... ."

Virginia Code section §2.2-3112(A)(2) states that a Board member who has a "personal interest" in a vote "may participate in the (vote) if he is a member of a business, profession, occupation, or group of three or more persons the members of which are affected by the transaction, and he complies with the declaration requirements of" §2.2-3115(H).

The wording of §3112(A)(2) is unclear and difficult to interpret. However, there is no doubt that the three Board members had a "personal interest" in the questioned vote as that term is defined in §2.2-3101: "a financial benefit... accruing to an officer... or a member of his immediate family." The difficulty, however, is deciding whether the Board members belonged to a "business, profession, occupation, or group of three or more persons the members of which are affected by the transaction... ." Fortunately, persuasive authority supplies the answer.

In a written Conflict of Interest Advisory Opinion, No.04-A03, the Attorney General analyzed a similar situation. In that case, the question was whether a member of a County Board of Supervisors could vote to adopt the County School Board budget when his wife was employed by the school system. In construing the same section at issue in the instant case, the General opined that because "the School Board budget will affect teachers, administrators and personnel other than the" Board member's spouse, the vote did not "solely affect (the member's) wife's profession." Therefore, the Board member was a member of "a group of three or more persons" whose "personal interest" was affected by the vote and he could vote on the budget provided that he complied with the declaration requirements of §2.2-3115.

This case was factually similar to the instant case, and, in light of the Attorney General's Opinion, the three Board members fell under the ambit of §2.2-3112(A)(2). However, before closing this portion of the analysis, I must consider §2.2-3112(A)(4), which holds that a public officer may cast a vote without making a declaration if the vote "affects the public generally, even though his personal interest... may be affected by that transaction."

This analysis is illuminated by the decision of the Virginia Supreme Court in *West v. Jones*, 228 Va. 409 (1984). That case, which analyzed a predecessor statute of §2.2-3112, involved a situation in which the Mayor of the City of Richmond also worked as the principal of a City High School, and therefore for the appointed City School Board. The question was whether the Mayor was conflicted from voting on the appointment of new School Board members. The Mayor invoked the "affects the public generally" clause of the predecessor statute.

The Court, in construing the "affects" phrase, conceded that the "public in general... have an interest in the orderly administration of the school system." However, the Court held that a public official can successfully invoke the "affects the public generally" clause only when "his interest is one limited to that which he shares with other members of the public at large." *Id.* at 417.

It follows, then, in the instant case, that the three Board members had a personal interest in the vote that differed from the "public at large," in that their spouses stood to receive a salary increase through the Board's budget vote. Therefore, their participation was controlled by 3112(A)(2), and they were required to disclose their personal interest as dictated by the relevant sections of COIA.

**Disclosure by the Board Members:** Having concluded that the three Board members were required by 3112(A)(2) to declare their interest prior to the vote, I must explore what types of declarations the members were required to make, and what, if any, declaration they did actually make.

The manner in which required declarations must be made is governed by §2.2-3115(H). That section states that the public officer shall, prior to the vote at issue, "declare his interest by stating (i) the (vote) involved, (ii) the nature of the officer's... personal interest, (iii) that he is a member of... a group the members of which are affected by the transaction, and (iv) that he is able to participate in the transaction fairly, objectively and in the public interest. The officer... shall either make his declaration orally... or file a signed written declaration... ." The last line of the subsection states that the officer "shall also orally disclose the existence of the interest during each meeting of the... agency at which the transaction is discussed... ."

I pause to note that this section is inherently confusing. It first states that the officer "shall either make his declaration orally.... or file a signed written declaration... ." Later, the section states that despite filing a written declaration or making an oral declaration, the officer must also disclose it orally at any meeting in which the vote is discussed. In other words, the code could be read by a part-time officer as saying both "you may decide between an oral or a written declaration" and "you must make an oral declaration."

While I conclude that the section must be interpreted to require both 1) an oral or written declaration that must be recorded and maintained as a public record for at least five years and 2) an oral statement of the existence of the personal interest at each Board meeting at which the vote or transaction is discussed, there is no doubt that the section is poorly written and potentially confusing.

When asked to determine whether an officer has willfully committed a crime, I must consider the inartful drafting of the statute at issue. "Penal statutes are to be strictly construed against the

Commonwealth and in favor of the citizen's liberty.... (T)he accused is entitled to the benefit of any reasonable doubt about the construction of a criminal statute." *Martin v. Commonwealth*, 224 Va. 298, 300-301 (1982).

Furthermore, each of the three Board members did indeed file a written document entitled "Disclosure of Personal Interest in a Transaction" prior to the vote in this case. On February 2, 2016, each of the members filed this document with the Clerk of the School Board. The three disclosures, which are identical, give the name of each Board member and cite that the member is making a "disclosure to the general public." The declarations clearly state that the spouse of each of the Board members "is an employee of the School Board from prior to (the member's) assuming duties as a School Board member." The declarations go on to state that "the budget affects the public generally and I can participate in this transaction fairly, objectively and in the public interest." The declaration ends with a statement that it will be "reflected in the public records for five years in the office of the Clerk of the Board."

Since each of the three Board members filed the requisite written declaration well in advance of the questioned vote, each is in substantial compliance with the declaration requirements of the Code. However, one question remains: did the three Board members "orally disclose the existence of the interest" at each meeting of the agency at which the transaction - in this case, the budget vote - was discussed?

My investigation revealed that the Board members did not orally disclose the "existence of the interest" at the April 14 meeting, relying instead on the written declaration they had filed two months before. The board members, therefore, were in technical violation of the intricacies of §2.2-3115(H).[2]

**Does a Technical Violation Support a Criminal Charge?** COIA states that the "attorney for the Commonwealth shall be responsible" for enforcing criminal violations of COIA §2.2-3126(B). In order to establish a criminal violation, the Commonwealth's Attorney must establish that the public officer committed a "knowing violation" before a criminal violation may lie. §2.2-3120.

The phrase "knowing violation," as used in this section, is defined as a violation "in which the person engages in conduct, performs an act or refuses to perform an act <u>when he knows that the conduct is prohibited or required</u> by" COIA. The question then, is whether the three Board members "refused to perform an act" that they "knew" was required by COIA when they failed to orally disclose the existence of their personal interest on the record of the April 14, 2016, School Board meeting.

The totality of the circumstances in this case fails to establish that the three Board members

---

[2] COIA prohibits any local school board from employing "any teacher" if the teacher is a close relation - including a spouse - "of the superintendent, or of any member of the school board." However, this clause is not effective if the teacher was employed by the School Board prior to his spouse taking office as a Board member.
In this case, each of the Board members' spouses was employed by LCPS prior to their assuming office. Each Board member disclosed this information on the written declaration previously cited. Therefore, §2.2-3119 is irrelevant to my analysis.

committed a "knowing," criminal violation of COIA. First, my investigation revealed that LCPS employs an attorney for school board members and that the attorney advised the members to file the written declaration previously discussed. While only the Commonwealth's Attorney may render a formal COIA advisory opinion pursuant to the Code, the fact remains that the three Board members relied, in part, on the advice of counsel to guide their conduct. Their reliance on this advice is reasonable given that their offices are part-time.

The Byzantine nature of COIA itself also leads me to the conclusion that the three Board members did not commit a "knowing violation." While ignorance of the law is not a defense to any crime, it is a factor which a public prosecutor may consider when deciding whether to bring criminal charges. In my opinion, the fact that the three Board members overlooked the requirement to make an oral disclosure at each meeting is understandable, given the convoluted nature of the relevant code sections. As I have previously noted, the applicable section is unclear and susceptible to erroneous interpretation. When a criminal statute requires proof of a "knowing" violation, the vague nature of the statute itself is a barrier to prosecution because it casts doubt on whether the accused "knew" that their conduct was criminal.

Another important fact weighing against a "knowing" violation is the filing of the written declarations on February 2, 2016. Each of the three Board members disclosed the nature of his or her personal interest in writing. The declarations were signed and filed well in advance of the vote and remained public records at the time of the vote. The declarations clearly identify the three Board members by name, state that their spouses are employed by LCPS and state that the member can impartially vote on the matter consistent with the public interest. In light of the persistence of such written, public declarations, it is impossible to find a knowing, criminal violation for failing to re-state the members' personal interest via the ephemeral medium of an oral statement.

Finally, I note that COIA does not provide any civil penalties for violations of §2.2-3115. In my opinion, COIA should be re-written to provide for substantial civil penalties for unknowing, technical violations by public officers.

With regards to the exercise of the power of a public prosecutor, I have found that restraint is often a quality to be esteemed. Should public prosecutors bring criminal charges against part-time School Board members on evidence this paltry, the result would be to discourage the citizenry from running for School Board in the first place.

This particular investigation does not pose a close call; instead, the evidence supports my finding that the three Board members unknowingly and unintentionally ran afoul of COIA's labyrinth of requirements. Since the evidence and applicable law does not support a finding that the three Board members knowingly refused to perform an act that they knew was required by COIA, I decline to bring any criminal charge against them.

This letter should be taken as an Advisory Opinion. Virginia Code §2.2-3126(B) provides that "each attorney for the Commonwealth shall render advisory opinions as to whether the facts in a particular case would constitute a violation of the provisions of (COIA)." While my authority to issue

advisory opinions typically is limited to the City of Alexandria, in this case, the Circuit Court of the County of Loudoun has entered an order appointing me to "review the... complaint" and take "any action" I deem "appropriate" with regards to my review.

In light of this order and the mandate of the Code, I find that I am empowered to issue an advisory opinion, and that so doing is "appropriate." I feel particularly compelled to do so with regards to the Loudoun County School Board. The Board is comprised of 9 members, four of whom have spouses that currently work for LCPS. In other words, 44% of the Board's members are married to a LCPS employee, and each of these employee spouses could be affected by the Board's decisions with regards to salaries and benefits. This situation is unusual and, in my opinion, requires great care and openness by the Board.

The stated purpose of COIA is outlined in §2.2-3100 of the Code of Virginia. The statute reads, in pertinent part: "The General Assembly... finds and declares that the citizens are entitled to be assured that the judgment of public officers... will be guided by a law that defines... and requires disclosure of economic interests." The Virginia Supreme Court had noted that the purpose of COIA is to "assure citizens of this Commonwealth that the judgment of public officers and employees will not be compromised or affected by inappropriate conflicts." *West v. Jones*, 228 Va. at 415.

In order to ensure that the citizenry of Loudoun County is "assured... that the judgment of (their) public officers... will not be... affected" by personal interests in budget votes, pursuant to §2.2-3126, I hereby advise that Board members who are married to LCPS employees shall:

1) <u>either</u> annually file a written declaration of personal interest, <u>or</u> make an oral declaration of personal interest to be recorded in the written minutes of the Board; whether a written or oral declaration is filed or made, the declaration shall, at a minimum:

   a. state the transaction(s) or vote(s) in which the Board member has a personal interest;

   b. state the nature of the personal interest affected by the transaction(s) or vote(s);

   c. state that the Board member is a member of a group of three or more people whose personal interest is affected by the transaction(s) or vote(s); and

   d. state that the Board member is able to participate in the transaction fairly, objectively and in the public interest.

   e. remain available for public inspection in the records of the Board for a period of 5 years from its recording or receipt. I note that, given the 5-year time frame, a Board member could satisfy this requirement by filing a written declaration once every term in office.

2) <u>In addition to the declaration outlined above</u>, also orally disclose the existence of the interest during each meeting of the Board at which the transaction or vote is discussed, such oral declaration being recorded in the minutes of the meeting.

I note that since I am issuing a written advisory opinion as part of my investigation, this letter is, by operation of Code, a public record. *See* §2.2-3126(B). Since this investigation has led me to conclude that failure to make these declarations is a technical violation of COIA, any of the three Board members has a statutory right to request the Attorney General review my opinion.

Sincerely,

Bryan L. Porter
Commonwealth's Attorney
City of Alexandria