EXHIBIT

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

BRIAN C. DAVISON,              )
                               )
    Plaintiff,              )
                               )
v.                             )          Civil Action No.: 1:16-cv-932
                               )                 (JCC/IDD)
                               )
LOUDOUN COUNTY BOARD OF        )
SUPERVISORS and PHYLLIS RANDALL, )
                               )
    Defendants.             )

### DEFENDANT PHYLLIS RANDALL'S ANSWERS TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES

COMES NOW the defendant, Phyllis Randall, by counsel, and for her answers to Plaintiff's

First Set of Interrogatories states as follows:

    A.    The information supplied in these answers is not based solely on the knowledge of
the executing party, but may include knowledge of the party, the party's agents, representatives,
and/or attorneys, unless privileged.

    B.    The word usage and sentence structure may be that of the attorney assisting in the
preparation of these answers and thus does not necessarily purport to be the precise language of the
executing party.

    C.    Any and all objections previously noted or filed separately are incorporated herein
in their entirety by reference as if restated verbatim, none are waived.

### INTERROGATORIES

    1.    Describe all instances and the content of discussions in which you discussed the

deletion of Davison's posts on Loudoun County Government or individual Loudoun Supervisor

Facebook pages, either collectively as a body or with other Loudoun officials.

    **ANSWER:**  **None other than privileged communications with counsel related to**

**preparation of responses to plaintiff's discovery requests.**

2.     Describe all instances and the content of discussions in which you discussed Loudoun officials banning citizens from posting on Loudoun County Government or individual Loudoun Supervisor Facebook pages, either collectively as a body or with other Loudoun officials, including:

a.     Davison being banned by Loudoun County Commonwealth's Attorney Office Facebook page.

b.     Meredith Amonson being banned by the Loudoun County Animal Services Facebook page.

**ANSWER:    None.**

3.     Describe all instances and the content of discussions in which you discussed or voted upon the modifications of the Loudoun County social media or communications policies in the last two years. If you designate any of these conversations as privileged, provide evidence that all six bases for attorney client privilege are met.

**ANSWER:    None. Ms. Randall has never voted on or discussed the social media or communications policy adopted by the County.**

4.     When did you become aware that private citizens can mark content as spam for deletion of Facebook, including on Loudoun County Facebook pages?

**ANSWER:    Ms. Randall has no personal knowledge of, or awareness that, private citizens can mark content as spam for deletion by Facebook.**

5.     When did you become aware that private citizens can block other citizens from viewing their comments on a county Facebook page, including not being able to participate in discussion chains with government officials under such comments, e.g., Lisa Tilley Svendsen's March 18, 2016 comments under the Loudoun County Animal Services March 18, 2016 Facebook

2

page post on "three little pot bellied pigs"; Mary Russell Tenshaw's August 12, 2016 comments under Supervisor Koran Saine's August 12, 2016 Facebook page post.

**ANSWER:** **Ms. Randall has no personal knowledge of, or awareness that, private citizens can block other citizens on Facebook that affect their discussions in other chains. As a Facebook user, she is familiar with the ability to block a user from an individual account but is not aware that it could impact other users on the same thread or chain of postings.**

6.     When did you become aware of Davison's claims that it is unconstitutional for a public body to maintain a Facebook page, open to constituent comments, on which private citizens can censor other citizen's comments and/or block other citizens from participating in discussions on Loudoun County Facebook page?

**ANSWER:** **Ms. Randall has no personal knowledge of, or awareness other than from the allegations set forth in plaintiff's series of filed Complaints.**

7.     Describe any action you have taken or discussed taking to prevent citizens posting on Loudoun County social media pages from (i) blocking access of other citizens to those comments or (ii) designating other citizens' comments as spam for deletion.

**ANSWER:** **None.**

8.     Describe all other public forums, limited or otherwise, in Loudoun County in which citizens are allowed to block the participation of other citizens. (E.g., are Loudoun citizens allows to commandeer parts of a public park and block others from entering based on viewpoint?)

**ANSWER:** **Ms. Randall does not have information or knowledge responsive to this interrogatory.**

9.     Have you read, understood and/or concurred with all of the pleadings submitted by your attorney on your behalf in this case?

3

**ANSWER:   Yes.**

10.     Have you ever deleted comments and/or blocked a Facebook user from your respective Loudoun County Supervisor Facebook page?  For the purpose of this question, assume the Facebook page on which you list your title as "Supervisor" and you control as being a "Loudoun County Supervisor Facebook page" even if you do not subscribe to that view.

**ANSWER:  This response is provided on behalf of Ms. Randall without making the assumption set forth in the question and subject to objection to that assumption. Ms. Randall has never deleted any comments from her Facebook page.  The plaintiff was blocked on January 14, 2016, at approximately 11:00 p.m. and was subsequently unblocked on January 15, 2016, at approximately 7:00 a.m. His comments were never deleted.**

11.     List and describe all the Facebook profiles and/or pages that you control or on which you have administrative rights.

**ANSWER:   https://www.facebook.com/phyllis.randall.92; https://www.facebook.com/Chair-Phyllis-J-Randall-1726409590911855/; https://www.facebook.com/randall4chair/.**

12.     Do you contend that Loudoun County and/or its officials could legally maintain discussion forums on third party websites which actively discriminate based on viewpoint.  For example, is it your position Loudoun County could host open discussion forms on a KKKofficials.com or DailyKosOfficials.com website if such websites actively censored based on viewpoint?

**ANSWER:   See previously filed objections. Ms. Randall's Facebook pages were not created by, and are not maintained or administered by, Loudoun County so the inquiry is irrelevant. See defendants' response to plaintiff's request for production of documents no. 5.**

4

13.     Given your answer to questions #4, #5, #6 and #12, have you considered, discussed or voted upon moving all Loudoun County discussion forums off of Facebook's website to comply with the First Amendment?  If not, why not?

**ANSWER:     See previously filed objections.  See defendants' response to plaintiff's requests for production of documents nos. 5, 8, 9, 10, 11 and 12.  The Board does not set the County's administration policies**.

14.     When and how did you become conversant with Loudoun County Communications and Social Media policies?

**ANSWER:     Upon taking office on January 1, 2016, Ms. Randall was briefed on the County Administration's communications and social media policies.**

15.     On the Facebook page that you control and on which you include your title as supervisor, describe any attempts to differentiate your FB page from your Loudoun County office per the Communications and Social Media policies.  (E.g., specifying views do not represent your officer, refraining from using insignia, etc.)

**ANSWER:   M s .    R a n d a l l ' s    F a c e b o o k    p a g e    a t : https://www.facebookj.com/phyllis.randall.92  is used for communications with friends and family.  Her other Facebook page at https://www.facebook.com/Chair-Phyllis-J-Randall-1726409590911855/ is where she shares pictures and events  that she attends. Facebook page https//www.facebook.com/randall4chair/ is her political Facebook page.**

16.     Did you open up your Facebook page referenced in #15 to public comment and, if so, describe any incidents in which you deleted user comments and/or blocked a user from commenting.

**ANSWER:     Ms. Randall's Facebook page at  https://www.facebook.com/Chair-Phyllis-J-Randall-1726409590911855/ is open for comment based on the information/pictures**

5

posted. **It is set to disallow profanity so posts with profanity under Facebook settings will not upload per the settings.**

17.    When and how did you become aware of Randall blocking Davison on her Facebook page?

**ANSWER:    See Ms. Randall's response to interrogatory no. 10.**

18.    Have you read, understood and concurred with Loudoun BOS' pleadings regarding Randall having the ability to block any constituent from posting on her Facebook page and/or delete comments based on viewpoint without any chance to appeal?

**ANSWER:    See previously filed objections. Ms. Randall has read, understood and concurred with the pleadings filed on her behalf; however, the characterization set forth in this interrogatory is overly broad and she relies upon the language contained in the actual pleadings that were filed, not on the plaintiff's characterization of the pleadings.**

19.    Did you or the Loudoun BOS take any action or vote to require individual supervisors with Facebook pages that reference their official position and are open to public comment to comply with the 1st Amendment as a limited public forum?

**ANSWER:    See previously filed objections. This would be a matter of public record, had it occurred, which it did not.**

6

Under penalty of perjury, I state that the foregoing statements are true and correct to the best of my knowledge and belief.

_March 1, 2017_
(Date)

_Phyllis T. Randall_
PHYLLIS RANDALL

7

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

Julia B. Judkins, VSB No. 22597
Heather K. Bardot, VSB No. 37269
Martin Schubert, VSB No. 80904
BANCROFT, McGAVIN, HORVATH & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
jjudkins@bmhjlaw.com
hbardot@bmhjlaw.com
mschubert@bmhjlaw.com
*Counsel for Defendant Phyllis Randall*


Leo P. Rogers, VSB No. 28906
County Attorney, Loudoun County
1 Harrison Street, S.E.
P.O. Box 7000
Leesburg Virginia 20177
Telephone:    (703) 777-0307
Facsimile:    (703)771-5025
Leo.Rogers@loudoun.gov
*Counsel for Defendants*

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant Phyllis Randall's Answers to Plaintiff's First Set of Interrogatories was emailed and mailed first-class, postage prepaid on this 2nd day of March, 2017 to:

Mr. Brian C. Davison
43724 Stone Fence Terrace
Leesburg, VA 20176
bcdavison@hotmail.com

Julia B. Judkins, VSB No. 22597
BANCROFT, McGAVIN, HORVATH
  & JUDKINS
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:     (703) 385-1000
Facsimile:     (703) 385-1555
jjudkins@bmhjlaw.com
*Counsel for Defendants*

BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555